MCLOUGHLIN O'HARA, LLP
250 Park Ave, 7th Fl.
New York, New York, 10177
dohara@mcloughlinohara.com
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

GINO J. HERNANDEZ,                                                  Case No. 15-12968 (SHL)


                                    Debtor.                         Chapter 11
--------------------------------------------------------X

**DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(c)(3)(B)**

TO:   THE HONORABLE SEAN H. LANE,
      UNITED STATES BANKRUPTCY JUDGE:

Gino J. Hernandez, by and through his proposed attorneys McLoughlin O'Hara, LLP, hereby states as follows:

Background

A.   The Prior Case

1.   The Debtor filed a chapter 13 petition [15-11470 (jlg)] on June 2, 2015. The Debtor subsequently learned the extent of his potential personal liability to various creditor-landlords and that he, therefore, did not qualify to serve as a Chapter 13 debtor because of the apparent extent of his un-secured debt. He voluntarily moved to convert his petition to Chapter 11 on August 28, 2015.

2.   The Court (Garrity, J.) entered an order dismissing the Debtor's case on October 5, 2015.

3.   No activity aside from the 341 Meeting and motions to dismiss, centering on such

un-secured debt disqualification, took place before the Court.

B.  The Present Case

4. The Debtor retained the undersigned to attempt to resolve his tax debts as well as the ongoing dispute over non-payment of commercial rent with the Debtor's various creditor-landlords.

5. On November 4, 2015, the Debtor filed the instant chapter 11 case. The case was filed the day before a warrant of eviction would have issued in connection with the Debtor's lease for the commercial space located at 3920 Broadway, New York, New York. Prior to filing, the Debtor attempted to surrender the remaining leases to the respective landlord entities; however, counsel for such entities declined such surrender(s).

6. As set forth in the annexed Declaration of the Debtor, the debtor filed his previous Chapter 13 case in good faith with the intention of assuming most, if not all of the commercial leases remaining a part of the Debtor's bankruptcy estate. Despite his well-intended filing of his Chapter 13, the amount of unsecured debt prohibited the Debtor from continuing in Chapter 13.

7. The Debtor filed the instant case with similar good intentions: (1) to protect his primary residence located at 163 McGregor Road, Mt. Arlington, New Jersey; and (2) to assume now only the lease for 3920 Broadway. The Debtor remains resolute in surrendering each of the four (4) other commercial spaces to their respective creditor-landlords.

8. Creditor-landlord 164 Broadway Associates, LLC is the owner of the building at 3920 Broadway. 164 Broadway Associates, LLC has a claim against Debtor's Estate, as of November 1, 2015, for all rent and additional rent due under the Debtor's Commercial Lease, in the amount of $269,771.44.

9. The other commercial landlord-creditors, to which the Debtor intends to surrender spaces, possess claims surpassing $800,000.00, collectively.

10. The NYS Department of Taxation claims the Debtor owes $596,351.64.

11. The Debtor's only source of income now is the business at 3920 Broadway, New York, New York. The Debtor believes that through operating income and family provided third-party funds, he will be able to fund a plan or reorganization and keep the business at 3920 Broadway as a going concern.

12. The Debtor believes that these circumstances demonstrate his re-filing was done in good faith and will permit him to proceed with his reorganization in the best interests of his creditors.

## Relief Requested

13. The Debtor requests that the Court continue the automatic stay as to all of his creditors as it applies to him and his property. Section 362(c)(3)(A) provides in relevant part that if a case is filed by a debtor, and if a case of the debtor was pending within the preceding 1-year period but was dismissed, the automatic stay with respect to any action taken with respect to a debt or property securing such debt shall terminate with respect to the debtor on the 30th day after the filing of the later case. The Court may continue the automatic stay pursuant to a motion if that motion is made returnable within the thirty-day period following the bankruptcy filing and the Debtor "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed". 11 U.S.C. § 362(c)(3)(B).

12. Section 362(c)(3)(C) establishes a presumption that a case was not filed in good faith if, among other things, the debtor in the previous bankruptcy case failed to file or amend its petition or other documents as required by the Bankruptcy Code or the Court without substantial

excuse.  11 U.S.C. § 362(c)(3)(C).  The presumption of bad faith "may be rebutted by clear and convincing evidence to the contrary".  Id.  Since the Debtor's case was not prosecuted because of the request to withdraw the case, it is respectfully submitted that no such presumption exists in this case.

13.     Furthermore, since no one factor is determinative of good faith, the courts "examine the facts and circumstances of each case in light of several established guidelines or indicia, essentially conducting an 'on-the-spot evaluation of the Debtor's financial condition [and] motives.'"  In re Kingston Square Assocs., 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997), quoting In re Little Creek Development Co., 779 F.2d 1068, 1072 (5th Cir. 1986).  "It is the totality of circumstances, rather than any single factor, that will determine whether good faith exists." Id.  For example, the Court may consider the following factors to determine if there is bad faith:

>   (1) the debtor has only one asset;
>
>   (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
>
>   (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
>
>   (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
>
>   (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
>
>   (6) the debtor has little or no cash flow;
>
>   (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
>
>   (8) the debtor has no employees.

<u>C-TC 9th Ave. P'ship v. Norton Co.</u> (<u>In re C-TC 9th Ave. P'ship</u>), 113 F.3d 1304 (2d Cir. 1997)

14. Here, the Debtor has more than one asset and he has available monthly income to meet his current obligations with respect to the lease at 3920 Broadway, and therefore it is submitted that he has proceeded to file the instant case in good faith and with the intention to reorganize his affairs and pay his creditors.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein and grant such other and further relief as is just.

Dated: New York, New York
November 16, 2015

*/s/ Daniel M. O'Hara*
McLoughlin O'Hara, LLP
250 Park Ave, 7th Fl.
New York, NY 10177
Telephone: (212) 867-8285

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

GINO J. HERNANDEZ,                                        Case No.  15-12968 (SHL)


                         Debtor.                          Chapter 11
---------------------------------------------------------X

### DECLARATION OF GINO HERNANDEZ

Gino J. Hernandez, the above-captioned debtor, hereby declares as follows:

1. I filed a chapter 13 case previously in June of 2015.

2. Protracted disputes with my various creditor landlords precipitated my Chapter 13 filing.  Those same disputes and my enormous tax debt now have precipitated this Chapter 11 filing .

3. In filing both Petitions, my intentions were to (1) protect my home; and (2) to stave-off any issuance of a warrant(s) of eviction in State Court with respect to my commercial leases.  My attorney explains that the issuance of warrants of eviction in State Court terminates the landlord tenant relationship and prevents my bankruptcy estate from assuming any of the leases.  As of now, the (family) business at 3920 Broadway, New York, New York is the only source of income I have.

4. The Court dismissed my chapter 13 case for my failure to make plan payments. The court issued an order to this effect after I moved to convert my own case to a Chapter 11.

5. I have met with my present counsel to discuss the circumstances of my case and to learn clearly what my options are, and what my duties are as a debtor in possession.

6. Mr. O'Hara has explained to me, that in order to assume the lease for 3920 Broadway, New York, New York, I would have to pay the claim of 164 Broadway Associates,

LLC in full, either through operating income or third-party funds.

7.  I did not abuse the bankruptcy process by filing my prior case since I moved to convert it once I knew the full extent of my unsecured debt(s).  My current bankruptcy was filed in good faith since I will have the necessary the assets to propose a plan that will repay my creditors.

10.  For the above reasons, I believe that the bankruptcy automatic stay should be extended for the remainder of this bankruptcy case.

I swear under the penalty of perjury that the foregoing is accurate and true.

Dated: New York, New York            *s/Gino Hernandez*
       November 16, 2015              Gino Hernandez, Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re

GINO J. HERNANDEZ,                                               Case No.  15-12968 (SHL)


                                      Debtor.                            Chapter 11
------------------------------------------------------------X

**ORDER GRANTING CONTINUANCE OF THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(c)(3)(B)**

Upon the motion of Gino Hernandez (the "Debtor") dated November 16, 2015, seeking an Order to Continue the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3) (the "Extension Motion"); and good and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause existing therefor; it is hereby

ORDERED, that the Extension Motion is hereby granted and the automatic stay against the Debtor and his property shall continue for the pendency of the chapter 11 action.


Dated: November ___, 2015
          New York, New York

                                                            _____
                                                            SEAN H. LANE
                                                            U.S. BANKRUPTCY JUDGE