UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                          :
                                                :              Chapter 11
GINO J. HERNANDEZ,                              :
                                                :              Case No. 15-12968 (SHL)
                          Debtor.               :
-------------------------------------------------------x

## ORDER

Before the Court is the Debtor's request to shorten notice to schedule a hearing on his

motion to continue the automatic stay under Section 11 U.S.C. § 362(c)(3)(B).  The Debtor

previously filed a Chapter 13 petition, which was converted to Chapter 11 and subsequently

dismissed on October 5, 2015.  On November 4, 2015, the Debtor filed the above-captioned

Chapter 11 case.

Section 362(c)(3)(A) limits the duration of the automatic stay in a case such as this where

the debtor had a prior case dismissed within the preceding year.  The Section provides that if a

single or joint case is filed by or against an individual debtor under Chapter 7, 11 or 13, and the

debtor has had a prior single or joint case that was pending within the preceding one-year period

and was dismissed, the automatic stay provided under Section 362(a) for any action taken in

relation to a debt or property securing such debt, or to any lease, expires with respect to the

debtor on the 30th day after the filing of the later case.  See Collier on Bankruptcy, ¶

362.06[3][a].  There is, however, an exception.  Section 362(c)(3)(B) provides that upon motion

of a party in interest, and after notice and hearing completed within the 30-day period before the

expiration of the stay, a court may continue the automatic stay if such party demonstrates that the

later case has been filed in good faith as to the creditors stayed by the filing.

Given the dismissal of his prior filing, the Debtor in this case will lose the protection of the automatic stay unless the hearing on his current motion to extend the stay is completed by December 4, 2015, which is 30 days after he filed this case. Even though Debtor did not file his motion until November 16, 2015—twelve days after the new case was filed—Debtor's motion seeks a hearing on the motion by November 25, 2015, claiming to be unavailable after that date. In the alternative, Debtor's counsel seeks a bridge order extending the stay until his motion can be heard outside the 30 day period. Both of the Debtor's requests are problematic. On the one hand, there is scarcely time to provide sufficient notice of any hearing to take place on November 25, 2015, which also happens to be the day before Thanksgiving and the largest travel day of the year. On the other hand, the Court cannot extend the stay by bridge order because the statute requires that a hearing on the motion be completed within 30 days of the filing of the bankruptcy case.

Accordingly, it is hereby

ORDERED, that a hearing on the Debtor's motion to extend the automatic stay shall take place on **December 4, 2015 at 10:30 a.m.** As this Court already has matters scheduled to be heard in the United States Federal Court in White Plains on that day, the hearing will take place in White Plains at 300 Quarropas Street, White Plains, N.Y. 10601, but any party may participate by telephone rather than appear in person provided that they register through Courtcall at (866) 582-6878 at least 24 hours before the hearing; and it is further

ORDERED, that counsel for the Debtor is directed to appear at the hearing in person or by telephone or to arrange for alternate counsel to handle the matter on that date; if alternate counsel is to handle the matter, that counsel should be familiar with the motion and the facts of the case; and it is further

ORDERED, that Debtor's counsel shall serve a copy of this Order, together with a copy

of the motion to extend the stay, by overnight mail and electronic mail and facsimile, if known,

by November 19, 2015 upon: 1) the Office of the United States Trustee; 2) all parties who filed a

notice of appearance in this case or the prior bankruptcy that was dismissed; 3) all known

creditors of the Debtor; and it is further

ORDERED, that the Debtor shall file a certificate of service on the docket by November

23, 2015; and it is further

ORDERED, that objections to the motion shall be filed by 12:00 noon on December 3,

2015.

Dated: New York, New York
        November 17, 2015                    _/s/ Sean H. Lane_____
                                             UNITED STATES BANKRUPTCY JUDGE