# McLoughlin | O'Hara LLP

Attorneys and Counselors at Law

*New York Office*　　　　　　　　　　　　　　　　　　　　　　*Brooklyn Office*
250 Park Ave, 7th Fl.　　　　　　　　　　　　　　　　　　　　45 Main Street, Ste 608
New York, NY 10177　　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11201
T: (212) 867-8285　　　　　　　　　　　　　　　　　　　　　T: (212) 464-7988
F: (917) 382-3934　　　　　　　　　　　　　　　　　　　　　F: (646) 328-3824
**Reply to New York Office**

August 4, 2016

BY ECF DOCKET

Chambers of the Honorable Sean H. Lane
One Bowling Green
New York, NY 10004-1408

　　　　Re:  Gino J. Hernandez, Case No. 15-12968 (SHL)

Dear Judge Lane:

This letter provides a status update to the Court on the tax and accounting issue of whether the Debtor has an interest in four separate LLCs that were not initially disclosed on his schedules in this Chapter 11 case.

The Court will recall that the Debtor had not filed his federal and state tax returns timely, and consequently the Trustee moved to dismiss or convert to a Chapter 7 liquidation. The Court provided the Debtor two weeks from the return date of the Trustee's motion to file his returns.

Within the two-weeks given, the Debtor rapidly filed his returns; however, they were inaccurate. The returns revealed four LLCs as assets of the Debtor, while the Debtor had no interest or active role in any of the four businesses for several years.

The issue caused concern for the Court, the undersigned, and the Trustee's Office, as the existence of the LLCs came as a complete surprise, and it appeared patently unfair to creditors that the Debtor had such undisclosed assets. In truth, the Debtor has neither had any interest in, nor has he had an active role in any of the four LLCs since 2012.

According to the Debtor's accountant David Fonseca, without the final K-1s for a given LLC, the Debtor cannot eliminate that LLC from his return. Thus, the Debtor's LLCs were included on his state and federal returns from 2012-2015.

The undersigned conveyed Fonseca's dilemma to your honor on July 21, 2016 in open court, and since that time the Debtor has obtained the final K-1s for at least two of the four entities allowing the state and federal returns from 2012 to be amended to eliminate as many of the LLCs as

possible. The two LLCs that were real estate holding companies have been removed/eliminated from all returns. Only the LLCs that are the Debtor's former production company (Eladio Production) and property management company (G&T Management) remain on the returns. The Debtor has provided all of his amended returns to the U.S. Trustee's Office as of this morning.

The Debtor acknowledges the companies may still be technically in existence and that he may have a dormant interest in them, however, he maintains that neither business has ever been operational nor has he ever received any profit from them. **The Debtor's 2013 and 2014 returns show that losses were taken in connection with these remaining companies,** and the Trustee has expressed concern as to the apparent inconsistency of said losses taken while the businesses were claimed by the Debtor to be completely inactive during that time. Regarding this issue, Fonseca explains that the losses reflected in the Debtor's returns were likely from the up-front, administrative costs and initial investments in these remaining LLCs, and losses taken were simply carried forward each year form the time of organization until they were exhausted.

Based on the foregoing, the undersigned sees the following course of action to be taken with regard to the above outlined issues: (1) gain further clarity on the remaining two LLCs and confirm validity of Fonseca's opinion that the losses were attributable to the Debtor and his partner's up-front costs; (2) verify that there was and remains no income generated from these remaining LLCs that need be disclosed to this Court and to any creditors; and (3) dissolve the remaining LLCs in their respective jurisdictions and provide the court with the proof of such corporate dissolution.

                    Respectfully submitted,

                    *s/ Daniel M. O'Hara*

                    DANIEL M. O'HARA

CC:    Paul Schwartzberg, Esq, Trustee (by ECF Docket)